IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 4:11-CV-189-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of PROBUILD COMPANY LLC f/k/a STROBER BUILDING SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAPPAHANNOCK CONSTRUCTION SERVICES, INC.; LIFECYCLE CONSTRUCTION SERVICES, LLC; FIDELITY AND DEPOSIT INSURANCE COMPANY OF MARYLAND; JULIE LUBESHKOFF; and CHARLES LUBESHKOFF, <br><br> Defendants. | ORDER |

This matter is before the court on a myriad of motions. These include motion to dismiss for lack of jurisdiction, filed by Charles Lubeshkoff and Julie Lubeshkoff on January 23, 2012 (DE # 29), motion for default judgment as to Rappahannock Construction Services, Inc., ("Rappahannock") filed February 2, 2012 (DE # 33), and motion for entry of consent judgment as to Rappahannock, filed February 10, 2012 (DE # 36). Also pending in the case are motion by defendant Lifecycle Construction Services, LLC ("Lifecycle") to dismiss for failure to state a claim filed in combination with answer lodged on the docket December 22, 2011 (DE # 19), and motion

for default judgment as to Fidelity and Deposit Insurance Company of Maryland ("Fidelity") filed January 5, 2012 (DE # 23), together with Fidelity's motion to set aside the clerk's entry of default filed January 12, 2012 (DE # 24).

BACKGROUND

This case arises out of the construction of a new training facility at Fort Bragg, North Carolina. Plaintiff United States of America, for the use of Probuild Company LLC f/k/a Strober Building Supply, Inc. ("plaintiff"), filed complaint on November 8, 2011. Probuild alleges that on March 30, 2010, defendant Lifecycle, together with defendant Fidelity, duly entered into a contract with the United States for construction of the training facility. On or about April 28, 2009, defendants Lifecycle and Fidelity allegedly executed and delivered to the United States a payment bond for the protection of all persons supplying labor and material to the construction project.

Lifecycle allegedly contracted with defendant Rappahannock for the latter's supply of labor, equipment, and material. Rappahannock, in turn, allegedly entered into a contract with plaintiff wherein the latter agreed to furnish to the former certain building materials, including drywall and sheathing, provided for in the principal contract.

Plaintiff now asserts that it is due an unpaid balance of $27,278.26, plus interest, reasonable attorneys' fees, and costs, on the materials it provided for the construction project. Plaintiff asserts in Count One of its complaint payment bond claims against Lifecycle, Rappahannock, and Fidelity. Plaintiff brings in Counts Two through Five claims against Rappahannock and its guarantors, Charles Lubeshkoff and Julie Lubeshkoff.

COURT'S DISCUSSION

Where plaintiff has filed notice of voluntary dismissal as to defendants Charles Lubeshkoff and Julie Lubeshkoff, those defendants' motion to dismiss (DE # 29), to the extent, if any, it has currency, is DENIED as moot.

Upon review of the motion for consent judgment as to Rappahannock Construction Services, Inc. (DE # 36), without more, that motion is GRANTED, and it is therefore ORDERED that judgment is entered in favor of plaintiff as against defendant Rappahannock in the sum of $27,278.26, plus interest at the contract rate of 18% per annum from May 4, 2011 until date of entry of judgment and thereafter at the legal rate until paid in full, together with reasonable attorneys' fees in the amount of $4,091.74, and court costs. In light of this disposition, as agreed to by plaintiff, plaintiff's motion for default judgment as to Rappahannock (DE # 33) is DENIED as moot.

Turning the court's attention now to motion for default judgment as to Fidelity, filed January 5, 2012 (DE # 23), together with Fidelity's subsequent motion to set aside the clerk's entry of default filed January 12, 2012 (DE # 24), having considered the arguments in support of and in opposition to said motion, the court allows the relief which defendant Fidelity seeks; however, with admonition that delay in the conduct of this case attributable to it will not be countenanced absent some compelling showing. As such, that motion (DE # 24) is ALLOWED, and plaintiff's motion (DE # 23) DENIED.

As to remaining motion to dismiss (DE # 19), having carefully considered the argument for and in opposition to, that motion is DENIED. Plaintiff has sufficiently stated a payment bond claim pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*

3

Plaintiff's claims against defendants Lifecycle and Fidelity remain. Separate order will soon issue establishing a plan for further case scheduling.

## CONCLUSION

For the reasons set forth above, motions in the case having now been decided, the remaining parties are directed to review and take action in accordance with the court's initial order regarding planning and scheduling, to be issued shortly.

SO ORDERED, this the 2nd day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge